**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**LAKIA BROWN,**

    **Plaintiff,**

                           **CASE NO.:**

**v.**

**KISSIMMEE OPCO LLC,**

    **Defendant.**

_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, LAKIA BROWN, by and through undersigned counsel, brings this action against Defendant, KISSIMMEE OPCO LLC, and in support of her claims states as follows:

**JURISDICTION AND VENUE**

1. This is an action for violations of the Family and Medical Leave Act of 1993, as amended, 29 U.S.C. § 2601 et seq. ("FMLA").

2. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 and 29 U.S.C. § 2601 et seq.

3. Venue is proper in the Middle District of Florida, because all of the events giving rise to these claims occurred in Osceola County, Florida.

**PARTIES**

4. Plaintiff is a resident of Osceola County, Florida, and she worked in Osceola County for Defendant.

5. Defendant operates a nursing home in Osceola County, Florida.

## GENERAL ALLEGATIONS

6. This is an action to recover damages suffered by Plaintiff while she was employed by Defendant, when Defendant interfered with Plaintiff's rights under the FMLA and retaliated against Plaintiff for exercising these same rights.

7. Plaintiff was a part-time employee of Defendant, and she worked at least 1250 hours in the 12 months preceding her request for leave under the FMLA.

8. Thus, Plaintiff is an "eligible employee" within the meaning of the FMLA, 29 U.S.C. § 2611(2).

9. Defendant is an "employer" within the meaning of the FMLA, 29 U.S.C. § 2611(4).

10. Plaintiff has satisfied all conditions precedent, or they have been waived.

11. Plaintiff has retained the undersigned attorneys and agreed to pay them a fee.

12. Plaintiff requests a jury trial for all issues so triable.

## FACTS

13. Plaintiff began working for Defendant as a full-time employee on or around November 2017.

14. During her employment, Plaintiff learned that she was an expectant mother, and thus belonged to a class of persons benefiting from special protections under the FMLA.

15. On or around early June 2019, Plaintiff requested leave for incapacity due to pregnancy, for the expected birth of her child, and for any potential serious health condition that she might suffer following the birth of her child, as she was entitled to do under the FMLA. See 29 C.F.R. § 825.120(4).

16. On or around July 24, 2019, Plaintiff was forced switched her work status to per diem. Defendant wrongfully informed her that she forfeited her FMLA rights.

17. Plaintiff's FMLA maternity-related leave was scheduled to begin on July 24, 2019 and she was scheduled to be out for twelve (12) weeks.

18. Defendant knew or should have known of Plaintiff's status as an expectant mother, because Plaintiff had engaged Defendant in a dialogue about her upcoming maternity leave as early as June 2019.

19. By requesting maternity leave that qualified as FMLA leave under 29 C.F.R. § 825.120(4), Plaintiff exercised her rights under the FMLA.

20. On or around October 15, 2019, Plaintiff informed Defendant she was cleared to return to work at the end of her twelve weeks, on October 23, 2019.

21. On or about October 23, 2019, Defendant did not allow Plaintiff to return to work. To date, Plaintiff has not been able to return to work following her medical leave even though she is ready and able to return and has made numerous attempts to do so.

22. By terminating Plaintiff's employment, Defendant violated Plaintiff's rights under the FMLA.

## COUNT I – FMLA INTERFERENCE

23. Plaintiff realleges and readopts the allegations of paragraphs 1 through 19 of this Complaint, as fully set forth herein.

24. Plaintiff required time off from work to care for herself in preparation for, during, and after the birth of a child.

25. Thus, Plaintiff was an expectant mother who was entitled to special protections under the FMLA, and she required leave protected under the FMLA.

26. Plaintiff exercised her rights under the FMLA, and Defendant interfered with the exercise of Plaintiff's rights under the FMLA, in violation of 29 U.S.C. §§ 2614(a)(1)(A) and 2615(a)(2).

27. Defendant's actions were willful and done with malice.

28. Plaintiff was injured by Defendant's violations of the FMLA, for which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE**, Plaintiff demands:

(a) That this Court enter a judgment that Defendant interfered with Plaintiff's rights, in violation of the FMLA;

(b) An injunction restraining continued violation of the FMLA by Defendant;

(c) Compensation for lost wages, benefits, and other remuneration;

(d) Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position with back pay plus interest, pension rights and all benefits or, in the alternative, the entry of a judgment under 29 U.S.C. § 2617(a)(1)(A)(i)(II), against Defendant and in favor of Plaintiff, for the monetary losses that Plaintiff suffered as a direct result of Defendant's violations of the FMLA;

(e) Front pay;

(f) Liquidated Damages;

  (g)  Prejudgment interest on all monetary recovery obtained;

  (h)  All costs and attorney's fees incurred in prosecuting these claims; and

  (i)  For such further relief as this Court deems just and equitable.

## COUNT II – FMLA RETALIATION

29. Plaintiff realleges and readopts the allegations set forth in Paragraphs 1 through 19 of this Complaint, as fully set forth herein.

30. Plaintiff required time off from work to care for herself in preparation for, during, and after the birth of a child.

31. Thus, Plaintiff was an expectant mother who was entitled to special protections under the FMLA, and she required leave protected under the FMLA.

32. By requesting maternity leave that qualified as protected leave under the FMLA, Plaintiff attempted to exercise her rights under the FMLA.

33. By terminating Plaintiff's employment, Defendant retaliated against Plaintiff for attempting to exercise her rights under the FMLA.

34. Defendant's actions were willful and done with malice.

35. Plaintiff was injured by Defendant's violations of the FMLA, for which Plaintiff is entitled to legal and injunctive relief.

*WHEREFORE*, Plaintiff demands:

  (a)  That this Court enter a judgment, stating that Defendant retaliated against Plaintiff in violation of the FMLA;

  (b)  An injunction restraining continued violation of the FMLA by Defendant;

    (c)    Compensation for lost wages, benefits, and other remuneration;

    (d)    Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position with back pay plus interest, pension rights and all benefits or, in the alternative, the entry of a judgment under 29 U.S.C. § 2617(a)(1)(A)(i)(II), against Defendant and in favor of Plaintiff, for the monetary losses that Plaintiff suffered as a direct result of Defendant's violations of the FMLA;

    (e)    Front pay;

    (f)    Liquidated Damages;

    (g)    Prejudgment interest on all monetary recovery obtained;

    (h)    All costs and attorney's fees incurred in prosecuting these claims; and

    (i)    For such further relief as this Court deems just and equitable.

## JURY TRIAL DEMAND

Plaintiff demands trial by jury as to all issues so triable.

Dated this 9th day of December, 2019.    Respectfully submitted,

_____
**LUIS A. CABASSA**
Florida Bar Number: 0053643
**Wenzel Fenton Cabassa, P.A.**
1110 N. Florida Avenue, Suite 300
Tampa, Florida 33602
Main No.: (813) 224-0431
Direct No.: (813) 321-4085
Facsimile No.: (813) 229-8712
Email: lcabassa@wfclaw.com
Email: gnichols@wfclaw.com
**Attorney for Plaintiff**